Andrew M. Kantor - State Bar No. 303093
  Email: akantor@kantorlaw.net
Glenn R. Kantor - State Bar No. 122643
  Email: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
MICHAEL KRAUS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KRAUS,<br><br>        Plaintiff,<br><br>    vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA AND LOWES WELFARE PLAN,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; BREACH OF FIDUCIARY DUTIES AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Michael Kraus ("Plaintiff") herein sets forth the allegations of his Complaint against Defendants Life Insurance Company of North America ("LINA") and Lowes Welfare Plan ("Lowes" or "Plan") as follows:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under

these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of the employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits; pre-judgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of Lowes Companies, Inc. ("Lowes") and a resident of Riverside County, California.

3. Plaintiff is informed and believes that Defendant LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. LINA is the insurer of benefits on long term disability ("LTD") policy number VDT-0980095 (the "Policy"), issued to Lowes Company, Inc. LINA has its main offices in Riverside County and was a subscriber to the Policy, for the benefit of its employees. As such, the Policy was issued and administered within this Judicial District. LINA is doing business in the Central District of California, in that it covers insureds working and residing in the Central District. Plaintiff is further informed and believes that the Plan Administrator has appointed LINA as a fiduciary for deciding claims for benefits under the plan, and for deciding any appeals of denied claims. LINA administered the claim, interpreted Policy terms, and issued a claim denial, all while operating under a conflict of interest, and the bias this created adversely affected the claims determination.

4. As a benefit of his employment, Plaintiff was provided group LTD insurance under the Policy. The Policy is part of an employee welfare benefit plan regulated by ERISA, in which Plaintiff was a participant, and pursuant to which Plaintiff is entitled to LTD benefits. Pursuant to the terms and conditions of the Policy, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the Policy.

5. Plaintiff is informed and believes that the subject Policy was delivered to Lowe in the County of Riverside, State of California.

6. Plaintiff is informed and believes that the subject Policy was issued or renewed on or after January 1, 2012.

7. Plaintiff is informed and believes that the subject Policy has an annual January 1 anniversary date.

8. Defendant LINA can be found in this judicial district and the Policy is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## **FIRST CLAIM FOR RELIEF**
## **AGAINST DEFENDANTS LIFE INSURANCE COMPANY OF NORTH AMERICA AND LOWES WELFARE PLAN FOR ERISA BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGEMENT AND POST-JUDGEMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**
## **(29 U.S.C. § 1132(a)(1)(B))**

9. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

10. At all times relevant, Plaintiff was employed by Lowes, and was a covered participant under the terms and conditions of the Policy. The Policy was insured by LINA, and LINA was also the claims administrator and made all decisions to pay or deny benefit claims.

11. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Policy. Specifically, while Plaintiff was covered under the Policy, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Policy.

12. Pursuant to the terms of the Policy, Plaintiff made a claim to LINA for LTD benefits under the Policy. Plaintiff's last day of work as a result of his disability was March 13, 2014. Plaintiff is informed and believes that LINA identifies his claim as incident number 3268544-02. Plaintiff's disabling conditions include but were not limited to degenerative disc disease, spinal stenosis, pulmonary obstruction, spondylosis, sciatica, osteoarthritis of his hands, chronic pain, diabetes, hypertension, and fecal incontinence.

13. Plaintiff received benefits for two years but said benefits were terminated on June 12, 2016. On August 12, 2016, Plaintiff timely appealed the decision to terminate his benefits and on January 6, 2017, LINA overturned the denial.

14. On November 7, 2017, LINA once again denied Plaintiff's LTD benefits and on June 5, 2018, LINA sent a letter to Plaintiff claiming an alleged overpayment as a result of a retroactive Social Security award.

15. Plaintiff timely appealed this denial and on September 12, 2019, LINA upheld it decision to deny Plaintiff's claim.

16. Plaintiff has appealed the alleged overpayment, as well as the denial of his LTD benefits.

17. On October 29, 2020, LINA upheld it's denial of Mr. Kraus' claim.

18. Defendants LINA and the Plan breached the Policy and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Policy, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendants had such knowledge, Defendants denied Plaintiff's LTD benefits;

    (b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claims for LTD benefits;

  (c) Failing to adequately describe to Plaintiff any material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

  (d) Concealing and withholding from Plaintiff the notice requirements Defendants were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, 29 C.F.R. § 2560.503-1(f)-(g), inclusive; and

  (e) Failing to properly and adequately investigate the merits of Plaintiff's claim and failing to provide a full and fair review of Plaintiff's claim.

19. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied his disability benefits under the Policy by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

20. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Policy.

21. As a direct and proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

22. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

23. The wrongful conduct of Defendants has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce his rights under the terms of the Policy and to clarify his right to future benefits under the terms of the Policy.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED:  November 19, 2020            KANTOR & KANTOR, LLP

                                     By:    */s/ Andrew M. Kantor*
                                            Andrew M. Kantor
                                            Attorneys for Plaintiff
                                            Michael Kraus